ELSIE E. LYMAN, Appellant, *v.* THE VILLAGE OF POTSDAM, Respondent.

Third Department, May 18, 1916.

Municipal corporations — village — nuisance — liability for obstructions in street.

It is the duty of a municipality to keep its streets free from obstructions.
A village is not relieved from responsibility for obstructions in the streets by assuming the duty of removing objects for the benefit of the residents, instead of requiring or at least allowing them to do the work themselves. Under such circumstances, a nuisance is created with the consent and on the invitation of the village authorities.
Where it appears that an obstruction had been placed in the middle of a village street, and that two hours before an accident resulting therefrom the president of the village saw the obstruction and failed to direct its removal, a complaint in an action for injuries sustained because of such obstruction should not be dismissed.
KELLOGG, P. J., dissented.

APPEAL by the plaintiff, Elsie E. Lyman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of St. Lawrence on the 16th day of February, 1915, upon a dismissal of the complaint by direction of the court at the close of the case, certain specific questions having been submitted to and answered by the jury, and also from the order entered in said clerk's office on the 13th day of February, 1915, dismissing the complaint as before stated.

*George J. Moore,* for the appellant.

*Frank L. Cubley,* for the respondent.

PER CURIAM:

It is the duty of a municipality to keep its streets free from obstructions. Here the municipality invited obstructions. The rubbish was not kept within the limits of the premises of the property owners but was deposited into the streets by invitation of the village officers who seemed to have assumed the responsibility of removing undesirable objects for the benefit of the residents instead of requiring or at least allowing the resi-

dents to do that work for themselves.   It may have been pub-
lic spirited and for that reason commendable, but the village was
not for that reason relieved from its responsibility.   A nuisance
was created with the consent and on the invitation of the vil-
lage authorities.   Two hours before the accident the president
of the village drove through the streets and saw the particular
obstruction which caused the accident in question.   He did not
direct its removal by the owner or take any steps in anticipa-
tion of the accident.   The facts presented required the submis-
sion of the case to the jury and the dismissal of the complaint
was error.   If the trial justice deemed the evidence weak or
unsatisfactory he might properly have set aside the special ver-
dict as against the weight of evidence and granted a new trial.
Under the circumstances, instead of reinstating the verdict a
new trial is ordered on this appeal.

The judgment and order should be reversed and a new trial
granted, with costs to the appellant to abide the event.

All concurred, except KELLOGG, P. J., dissenting.

Judgment reversed and new trial granted, with costs to
appellant to abide event.